IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MICHAEL URATCHKO,<br><br>    Plaintiff,<br><br>v.<br><br>NURSE OSIRUS, et al.,<br><br>    Defendants. | No. C 13-03914 SBA (PR)<br><br>**ORDER OF DISMISSAL** |

    Plaintiff, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983. He also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. For the reasons that follow, the instant action is subject to dismissal for failure to exhaust administrative remedies.

    The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted).

1   Even when the prisoner seeks relief not available in grievance proceedings, notably money
2   damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741
3   (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether
4   they involve general circumstances or particular episodes, and whether they allege excessive
5   force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement
6   requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548
7   U.S. 81, 94 (2006).

8   The State of California provides its prisoners the right to appeal administratively "any
9   departmental decision, action, condition or policy perceived by those individuals as adversely
10  affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right
11  to file appeals alleging misconduct by correctional officers/officials. Id. § 3084.1(e). In
12  order to exhaust available administrative remedies within this system, a prisoner must
13  proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal
14  on a CDC 602 inmate appeal form; (3) second level appeal to the institution head or
15  designee; and (4) third level appeal to the Director of the California Department of
16  Corrections and Rehabilitation. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997)
17  (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review
18  satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

19  Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought
20  by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure
21  12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may
22  be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion"
23  and "no exception to exhaustion applies." Id. at 1120.

24  Here, Plaintiff concedes he has not exhausted his administrative remedies. Dkt. 1 at 1.
25  Plaintiff argues that "[p]risoners do not need to exhaust administrative remedies in federal
26  civil rights suits seeking only money damages because damages are normally not available
27  through the CDC Administrative Appeal process." Id. at 2. However, Plaintiff's argument is
28

unavailing.  Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies.  <u>Porter</u>, 534 U.S. at 524; <u>see</u> <u>also</u> <u>Woodford</u>, 548 U.S. at 85-85 (citing <u>Booth</u>, 532 U.S. at 734).  Moreover, the Court finds that Plaintiff has not presented any extraordinary circumstances to excuse him from complying with PLRA's exhaustion requirement.  <u>Cf.</u> <u>Booth</u>, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

Accordingly, the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  <u>See</u> <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

The Clerk of the Court shall enter judgment, terminate as moot any pending motions, and close the file.

IT IS SO ORDERED.

DATED: 2/3/2014

*Sandra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge